IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.                                      Nos.   CR 14-00511-001 RB
                                                        CIV 16-00653 RB/LF

BENJAMIN SOSA,

    Defendant/Movant.

**MEMORANDUM OPINION AND ORDER ADOPTING MAGISTRATE
JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER comes before the Court on Magistrate Judge Laura Fashing's Proposed Findings and Recommended Disposition (Doc. 46[1]) (Report) and movant Benjamin Sosa's objections to the Report (Doc. 47). Having reviewed the record in this case, the Court overrules Sosa's objections and adopts the magistrate judge's recommendation to deny Sosa's motion.

**I.    Standard of Review**

When a party files timely written objections to the magistrate judge's recommendation, the district court generally will conduct a de novo review and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(C); *see also* FED. R. CIV. P. 72(b)(3). To preserve an issue for de novo review, "a party's objections to the magistrate judge's report and recommendation must be both timely and specific." *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).

---

[1] Citations to "Doc." are to the document number in the criminal case, case number CR 14-00511 RB, unless otherwise noted.

**II.     Discussion**

The magistrate judge recommended that the Court deny Sosa's motion because Sosa knowingly and voluntarily waived his right to collaterally attack his sentence in his plea agreement. *See* Doc. 46 at 11. Applying the factors set forth in *United States v. Hahn*, 359 F.3d 1315, 1327 (10th Cir. 2004) (en banc) (per curiam), the magistrate judge found that Sosa's motion fell within the scope of the waiver, that Sosa knowingly and voluntarily waived his right to collaterally attack his sentence, and that enforcing the waiver would not result in a miscarriage of justice. *See* Doc. 46 at 5–11. Sosa argues that the magistrate judge erred in finding that enforcing the waiver would not result in a miscarriage of justice. Doc. 47 at 2. Specifically, he says that the magistrate judge incorrectly focused on the fourth *Hahn* factor—whether the "waiver is otherwise unlawful"—when "it is the third exception that applies here," that is "where the sentence exceeds the statutory maximum." *See id.* (quoting *Hahn*, 359 F.3d at 1327).

As the magistrate judge correctly pointed out, "a miscarriage of justice through enforcement of a waiver occurs *only* in one of four situations: '[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful.'" *United States v. Viera*, 674 F.3d 1214, 1219 (10th Cir. 2012) (quoting *Hahn*, 359 F.3d at 1327) (emphasis added). Sosa's assertion that his sentence exceeds the statutory maximum is without merit. The Tenth Circuit held more than ten years ago that the term "'statutory maximum' in *Hahn* refers to the upper limit of punishment that Congress has legislatively specified for the violation of a given statute." *United States v. Green*, 405 F.3d 1180, 1194 (10th Cir. 2005). If a defendant's sentence falls within that limit—even if it is above the advisory guideline limit that otherwise may be applicable—a defendant's appellate waiver, and, by implication, a collateral attack waiver, is

2

enforceable. *See id.* at 1192 ("We have never based the validity of an appellate rights waiver on the application of sentencing guidelines.").

Sosa was convicted of two counts of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *See* Doc. 29 at 1 (judgment). The Congressionally established maximum statutory penalty for this offense is ten years in prison. *See* 18 U.S.C. § 924(a)(2). Sosa's 64-month sentence is well under the statutory maximum sentence. Because Sosa's sentence falls within the statutory maximum sentence, his collateral attack waiver is not unenforceable under *Hahn*. *See Green*, 405 F.3d at 1194.[2]

Sosa also reasserts arguments he submitted to the magistrate judge. He urges the Court to decline to the enforce the appellate waiver based in part on the Ninth Circuit's decision in *United States v. Torres*, 828 F.3d 1113 (9th Cir. 2016). *See* Doc. 46 at 3. In *Torres*, the Ninth Circuit reaffirmed its prior holding that a "waiver of appellate rights will [] not apply if a defendant's sentence is 'illegal,' which includes a sentence that 'violates the Constitution.'" *Torres*, 828 F.3d at 1125. Applying this principle to a sentence imposed under USSG § 4B1.2(a)(2)'s now infirm residual clause, the court declined to enforce the appellate waiver. *Id.* The law in the Tenth Circuit, however, is different than that in the Ninth. *See United States v. Sandoval*, 477 F.3d 1204, 1208 (10th Cir. 2007) (appellate waiver is enforceable even if sentence is "unlawful"). As the Tenth Circuit has explained,

---

[2] Sosa relies on *United States v. Gordon*, 480 F.3d 1205 (10th Cir. 2007) for the proposition that courts may not enforce a collateral attack waiver if "the sentence violates the law." Doc. 46 at 3. Sosa's reliance is misplaced. *Gordon* held that the scope of the defendant's appellate waiver in that case did not encompass the right to appeal the district court's restitution order. *See id.* at 1208–09. In dicta, *Gordon* suggested that a defendant "cannot waive the right to appeal an unlawful sentence," but that comment was in the context of opining that "[a] plea agreement permitting a court to impose a restitution order beyond that authorized by statute might well be unenforceable." *See id.* at 1209. The "unlawfulness" of a sentence in context was linked to whether it was "beyond that authorized by statute." *Id.* Here, because Sosa's sentence in not "beyond that authorized by statute," his collateral attack waiver is enforceable. *See Green*, 405 F.3d at 1194.

> The essence of plea agreements . . . is that they represent a bargained-for understanding between the government and criminal defendants in which each side foregoes certain rights and assumes certain risks in exchange for a degree of certainty as to the outcome of criminal matters. One such risk is a favorable change in the law. To allow defendants or the government to routinely invalidate plea agreements based on subsequent changes in the law would decrease the prospects of reaching an agreement in the first place, an undesirable outcome given the importance of plea bargaining to the criminal justice system.

*United States v. Porter*, 405 F.3d 1136, 1145 (10th Cir. 2005) (enforcing an appellate waiver even though defendant's 110-month sentence was based on mandatory application of Guidelines that subsequently was held unconstitutional in *United States v. Booker*, 543 U.S. 220 (2005)). In this Circuit, the Court must look to whether the waiver itself is unlawful—not whether the sentence imposed was unlawful—to determine whether a collateral attack waiver is enforceable. *Sandoval*, 477 F.3d at 1208; *Porter*, 405 F.3d at 1144.

Sosa also reiterates his claim that because the Court may have relied on a now unconstitutional guideline provision in sentencing him, enforcement of the collateral attack waiver in his plea agreement would constitute a miscarriage of justice. *See* Doc. 47 at 3–5 (relying on *United States v. Madrid*, 805 F.3d 1204 (10th Cir. 2015)). The Tenth Circuit, however, recently rejected this precise argument. *See United States v. Frazier-LeFear*, 2016 WL 7240134, at *3–*5 (10th Cir. Dec. 15, 2016) (unpublished) ("Our precedent directs that appeal/collateral review waivers are enforceable (1) with respect to claims of error that do not render the waiver itself unlawful, even if the alleged error (2) arises out of a subsequent change in law and (3) is of a constitutional dimension."). The Court specifically rejected the "truncated analytical course" taken by the district court in *United States v. Daugherty*, 2016 WL 4442801 (N.D. Okla. 2016) (unpublished), on which Sosa relies. *Frazier-LeFear*, 2016 WL 7240134, at

*4.  In short, *Madrid* does not prevent the Court from enforcing the collateral attack waiver in this case.  *See id.*

Finally, Sosa argues that enforcement of the waiver in this case is unfair because the government did not seek to enforce the waiver in two other cases.  *See* Doc. 47 at 5.  But Sosa does not cite to any authority to suggest that the government's failure to invoke the waiver in some cases limits the Court's ability to enforce his waiver.  *See id*.  The Tenth Circuit has made clear that the government must invoke a waiver to receive its benefit, *see United States v. Calderon*, 428 F.3d 928, 930–31 (10th Cir. 2005) ("the waiver is waived when the government utterly neglects to invoke the waiver in this Court"); *United States v. Evans*, 361 F. App'x 4, 7 (10th Cir. 2010) (unpublished) ("we will only enforce an appeal waiver when the government invokes the waiver against the defendant"), but the Court has been unable to find a case in which the Tenth Circuit has refused to enforce a waiver in one case because of the government's failure to invoke a waiver in other cases.  Indeed, the Tenth Circuit has recognized that it is within the government's prerogative to seek to enforce a waiver in some cases and not others.  *See Calderon*, 428 F.3d at 931 ("*Clayton*[3] stands for the proposition that the benefit of a waiver of the right to appeal may itself be waived by the government.  Among other reasons for this result, rooted in the adversarial character of litigation, we suppose that *Clayton* might be defended on the ground that in some cases, the government might conclude that justice would be better served by allowing a criminal defendant to appeal a wrongful sentence, even when the plea agreement included an appeal waiver and the case falls outside the narrow exceptions of *Hahn*.").  The fact that the government has not sought to invoke the waiver in other cases is not a reason to refuse to enforce the waiver here.

---

[3] *United States v. Clayton*, 416 F.3d 1236 (10th Cir. 2005).

Accordingly, the Court overrules Sosa's objections (Doc. 47).

IT IS THEREFORE ORDERED that the Proposed Findings and Recommended Disposition (Doc. 46) is ADOPTED by the Court.

IT IS FURTHER ORDERED that this case is DISMISSED, and that a final judgment be entered concurrently with this order.

_____
UNITED STATES DISTRICT JUDGE